# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Black iPhone 11, serial number DX3M4NE4N72J (Device).<br>The Device is currently located at North Central HIDTA,<br>(11548 W. Theodore Trecker Way, West Allis, WI 53214) and<br>in USMS custody under item #4. | Case No. 25-880M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the    Eastern    District of    Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before    5/15/2025    *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Nancy Joseph    .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*    ❏ until, the facts justifying, the later specific date of _____.

Date and time issued:    5/1/2025 @ 12:37 p.m.

*Judge's signature*

City and state:    Milwaukee, WI        Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                                   *Executing officer's signature*

                                                                      *Printed name and title*

## ATTACHMENT A

The electronic device to be searched is a Black iPhone 11, serial number DX3M4NE4N72J (Device). The Device is currently located at North Central HIDTA, (11548 W. Theodore Trecker Way, West Allis, WI 53214) and in USMS custody under item #4.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Device described in Attachment A that are evidence of violations of 18 U.S.C. §§ 841 & 846 involving Christian ISLAS MENDEZ (DOB: 01/02/2005) including:

   a. lists of customers and related identifying information;

   b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   d. all bank records, checks, credit card bills, account information, and other financial records;

   e. information and communications related to setting up drug deals;

   f. pictures of drugs or cash;

   g. records relating to amounts of money owed because of a drug transaction.

   h. records relating to the acquisition or possession of firearms including pictures.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.
Black iPhone 11, serial number DX3M4NE4N72J (Device). The Device is ) 25-880M(NJ)
currently located at North Central HIDTA, (11548 W. Theodore Trecker )
Way, West Allis, WI 53214) and in USMS custody under item #4. )
)

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 841 | Distribution of controlled substances |
| 18 U.S.C § 846 | Conspiracy to distribute controlled substances |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

MATTHEW MASON  Digitally signed by MATTHEW MASON
Date: 2025.04.30 17:05:32 -05'00'
*Applicant's signature*

Matthew Mason, Special Agent - ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means)*.

Date: 5/1/2025
*Judge's signature*

City and state: Milwaukee, Wisconsin    Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Matthew Mason, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of a tan Office Depot lock box, which is in law enforcement custody. Additionally, I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for the examination of an electronic device, which is currently in law enforcement possession, and the extraction from that device of electronically stored information described in Attachment B.

2. I am a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been so employed since September 2015. Prior to my employment with ATF, I was a Police Officer with the Calumet City Illinois Police Department, from 2003 until 2015. As part of my duties as an ATF Special Agent, I investigate criminal violations relating to violent crime, and firearms and explosives offenses, including violations of 18 U.S.C. §§ 922 and 924. I am currently assigned to the United States Marshal Service Fugitive Task Force and, as such, am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a member of the United States Marshals Service Fugitive Task Force for approximately five years and have investigated multiple fugitive cases. I have had both formal training and have participated in numerous investigations to locate federal and state fugitives. I am an investigator or law enforcement officer of the United States

within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

**IDENTIFICATION OF THE DEVICE TO BE EXAMINED AND THE LOCK BOX**

4. The electronic device to be searched is a Black iPhone 11, serial number DX3M4NE4N72J (Device). The Device is currently located at North Central HIDTA, (11548 W. Theodore Trecker Way, West Allis, WI 53214) and in USMS custody under item #4 described further in Attachment A.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

6. The lock box is a tan 3 dial Office Depot lock box currently located at North Central HIDTA, (11548 W. Theodore Trecker Way, West Allis, WI 53214) and in USMS custody under item #19 described further in Attachment A-1.

**PROBABLE CAUSE**

7. On September 24, 2025, the US Marshal Service-Eastern Wisconsin Violent Offender Task Force – Milwaukee (USMS EWVOTF) was investigating the case of Christian ISLAS MENDEZ (DOB: 01/02/2005). ISLAS MENDEZ was wanted on five felony warrants issued by the Milwaukee County Sheriff Office (MCSO) with charges including 2nd Degree Recklessly Endangering Safety x2, Vehicle Operator Flee/Elude x2, Possession with intent-

Cocaine (Party to a Crime), Possession of Firearm-Adjudicated Delinquent of a Felony, Possession of Narcotic Drugs, Bail Jumping-Felony x6, and Possession of THC.

8. The fugitive investigation revealed that ISLAS MENDEZ historically shared addresses with his mother, Lucia Mendez Padilla (DOB: 9/29/1986). Deputy United States Marshal (DUSM) Smith identified the address 3001 N 35th Street Milwaukee, Wisconsin as an address for ISLAS MENDEZ. ISLAS MENDEZ's ex-girlfriend Lily Graham's registered vehicle has been previously located at this residence several times. The address is also associated with Guadalipe Padilla Herrera (DOB: 01/14/1961) who has also historically shared addresses with Lucia Mendez.

9. On April 25, 2025, at approximately 7:30 a.m., DUSM Smith conducted surveillance of 3001 N 35th Street and observed a Chrysler Pacifica parked on the back slab.[1] Later that day around 3:00 p.m., DUSM Smith observed the Pacifica parked in the alley behind 2224 S 19th Street, which is a known address for ISLAS MENDEZ's brother, Christopher Islas, who is in Wisconsin Department of Corrections (WIDOC) custody.

10. On April 28, 2025, DUSM Smith located the Pacifica on the 1900 block of W Grant Street in Milwaukee, WI. DUSM Smith maintained surveillance from the hours of 8:00 a.m. to approximately 10:15 a.m. Around 10:00-10:15 hours, DUSM Smith saw the Chrysler pull from the curb, travel west on Grant and North on S 20th Street. DUSM Smith observed ISLAS MENDEZ as the sole occupant and driver of the Chrysler.

---

[1] A back slab is a paved parking area behind the residence located off of the alley.

11. On April 29, 2025, the Chrysler van was observed parked on the back slab of 3001 N 35th Street at 6:15 a.m.

12. At approximately 7:30 a.m., DUSM Smith briefed additional EWVOTF officers with an operational plan to locate and arrest ISLSA MENDEZ while surveillance of the residence and van were maintained by USMS Task Force Officer Leannais.

13. At around 7:40 a.m., EWVOTF established a perimeter around the residence. On approach, an unidentified individual was encountered and confirmed that he (unknown male) lived in the upper unit of the duplex. The Chrysler van was still present and unoccupied on the back slab. EWVOTF made their way through the back door into the common staircase. DUSM Smith knocked on the door to 3001 N 35th Street several times. Officers on the perimeter communicated to the team that there was an individual looking out the blinds of the window in the lower unit. After knocking again, a female voice from inside the residence asked who was at the door. DUSM Smith replied telling the female that it was the police and directed her to open the door. At this point, EWVOTF could hear the female retreating deeper into the residence. DUSM Smith knocked and made several loud, clear announcements that it was the police/ USMS who were there for Christian ISLAS MENDEZ, who had a warrant, and to open the door. At this point there was no response from inside the residence and the door was manually breached.

14. EVOTF members made entry into 3001 N 35th Street. ISLAS MENDEZ was found lying on the bed in his underwear in the northwest bedroom, adjacent to the kitchen area. ISLAS MENDEZ was taken into custody without incident. In the bedroom that ISLAS MENDEZ was arrested in, there were several plain view items including a box of Blazer 9mm

4

ammunition, a Canik firearm magazine, 1 live/unfired 9mm blazer cartridge, and a Pro Mag drum style magazine. Mendez Padilla was also present inside and was escorted to sit on the stairs in the common stairwell while the team gathered clothing for ISLAS MENDEZ. Based on the plain view items located, Mendez Padilla was asked to provide consent to search the residence. Mendez Padilla verbally consented to the search and a consent form was filled out and signed by Mendez Padilla in the presence of me and SDUSM Keller.

15. The following items were recovered during the search of the bedroom where ISLAS MENDEZ was found sleeping:

>Item 1: Box of blazer 9mm ammunition containing 13 live/unfired cartridges
Item 2: Canik ammunition magazine
Item 3: 1 live/unfired 9mm blazer ammunition cartridge
Item 4: The Device
Item 5: Drum style ammunition magazine (Pro Mag)
Item 6: Canik, 9mm, semi-automatic pistol serial #T6472-21CB52486, with loaded extended ammunition magazine and 1 live/unfired cartridge in the firearm's chamber
Item 7: White powder in corner cut baggie, suspected narcotics
Item 8: Keys to the Chrysler Pacifica van
Item 9: Visa Debit card for Lucia Mendez
Item 10: US Currency, approximately $1900.00
Item 11: Bag of white chunky substance, suspected narcotics
Item 12: Bag with 2 unknown broken pills
Item 13: Springfield armory 9mm ammunition magazine
Item 14: Glock 17, 9mm, semi-automatic pistol serial #DVR-479 with loaded extended ammunition magazine and 1 live/unfired cartridge in the firearm's chamber
Item 15: 5 bags of suspected marijuana and 1 sealed and labeled package of marijuana (THC)
Item 16: 1 additional bag of suspected marijuana
Item 17: 2 digital scales with white residue, box of sandwich baggies, 1 large plastic bag
Item 18: Drum style ammunition magazine (Pro Mag 9mm)
Item 19: Tan Office Depot lock box

16. ISLAS MENDEZ was transported to the Milwaukee County Jail to be booked in by DUSMs Smith and Grams.

17. All evidence was logged and stored in accordance with USMS policy in the North Central High Intensity Drug Trafficking Area evidence vault. The rental Chrysler van was towed from the scene and the keys were kept with the vehicle. Items 7, 11, 12, 15, and 16 were weighed and tested by ATF SA/USMS TFO Mason. Item 7 tested positive utilizing the Scott Reagent #7 test for cocaine and weighed 30.3 grams without the packaging. Item 11 tested positive utilizing the Scott Reagent #7 for cocaine and weighed 4.8 grams without the packaging. Item 12 tested inconclusively for narcotics and was completely consumed during field testing. Contents of the 5 unsealed bags assigned to item 15 tested positive for marijuana with a total weight of 535g. The sealed package assigned to item 15 was not weighed or tested, the outer packaging indicates substance inside contains 22.78 THC. Item 16 tested inconclusively for controlled substances.

18. Based on my training and experience, I know the evidence recovered is consistent with armed street level narcotics dealing. For example, the recovered quantity of cocaine and marijuana are consistent with a distribution quantity. Further, the recovered digital scales and sandwich baggies are indicative of drug dealing. Additionally, firearms are also a tool of the drug-trafficking trade, which is used to protect drugs and proceeds from sales. The large amount of cash (combined with the other evidence recovered) also indicates drug dealing.

19. Based on my training and experience, I also know that dealers of illegal narcotics utilize safes/lock boxes to secure product and/or proceeds of illegal sales.

20. Based on my training and experience, I also know that dealers of illegal drugs with often utilize cellular phones to set up and conduct sales, negotiate prices, and send photographs of drugs available for sale.

21. The Device is currently in storage at currently located at North Central HIDTA, (11548 W. Theodore Trecker Way, West Allis, WI 53214) and in USMS custody under item #4 described further in Attachment A. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the USMS.

## **TECHNICAL TERMS**

22. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and

7

storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to

store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This

removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

    f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

23. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

24. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

10

Case 2:25-mj-00880-NJ    Filed 05/01/25    Page 15 of 19    Document 1

25. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual

11

information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

26. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

27. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

28. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B. Additionally, I submit that this affidavit supports probable cause for a search warrant authorizing the search of the lock box described in Attachment A-1 to seek the items described in Attachment B-1.

# ATTACHMENT A

The electronic device to be searched is a Black iPhone 11, serial number DX3M4NE4N72J (Device). The Device is currently located at North Central HIDTA, (11548 W. Theodore Trecker Way, West Allis, WI 53214) and in USMS custody under item #4.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the Device described in Attachment A that are evidence of violations of 18 U.S.C. §§ 841 & 846 involving Christian ISLAS MENDEZ (DOB: 01/02/2005) including:

   a. lists of customers and related identifying information;

   b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   d. all bank records, checks, credit card bills, account information, and other financial records;

   e. information and communications related to setting up drug deals;

   f. pictures of drugs or cash;

   g. records relating to amounts of money owed because of a drug transaction.

   h. records relating to the acquisition or possession of firearms including pictures.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;